UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FRANCISCO A. HOARE, ET AL.,      )
                                 )
        Plaintiffs,              )
                                 )       CIVIL ACTION NO.
VS.                              )
                                 )       3:16-CV-1387-G (BF)
FLAGSTAR BANK, FSB,              )
                                 )
        Defendant.               )

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss the plaintiffs' claims under Rule 12(b)(6). (docket entry 7). For the reasons set forth below, the motion is granted.

## I. BACKGROUND

In June 2004, the plaintiffs, Francisco Hoare and Bridget Hoare, executed a note for $102,718.00 and a deed of trust on real property in Arlington, Texas. Plaintiff's Complaint ("Complaint") ¶ 15 (docket entry 1). The defendant, Flagstar Bank FSB, was immediately assigned as the loan servicer. *Id.* ¶ 16. Beginning in December 2011, the plaintiffs began discussions with the defendant in an attempt to

secure loan mitigation. *Id.* ¶ 17. The discussions were unsuccessful and on October 2, 2012, the Arlington property was foreclosed on. *Id.* ¶ 33. The defendant purchased the property for $106,000, *id.*, and on September 30, 2015, the defendant sold the property to a third party for $142,000. *Id.* ¶ 37. On May 20, 2016, the plaintiffs filed this suit against the defendant for wrongful foreclosure and violations of the Texas Deceptive Trade Practices Act. *See generally* Complaint. On June 24, 2016, the defendant filed the instant motion to dismiss both claims. Defendant's Motion to Dismiss ("Motion") (docket entry 7). On July 7, 2016, the plaintiffs filed a timely response (docket entry 10), to which the defendant served a timely reply (docket entry 13). The motion to dismiss is now ripe for decision.

II. ANALYSIS

A. Standard for 12(b)(6) Motion to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citations, quotation marks, and brackets omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6).  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*  The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678.  The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

- 3 -

the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

B. Application

1. *Wrongful Foreclosure*

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corporation*, 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.) (internal citations omitted). For the purposes of this motion, the court concludes that the plaintiffs have failed to state a plausible claim for relief because they have not alleged any facts that could satisfy the third element -- a causal link between a defect in the proceedings and a grossly inadequate selling price. *See* Complaint. The plaintiffs cite *Estate of Broughton v. Financial Freedom Senior Funding Corporation*, No. 13-14-00091-CV, 2016 WL 2955058, at *3 (Tex. App.--Corpus Christi, May 19, 2016, pet. filed), for the proposition that "whether or not irregularities of a sale had any influence upon the consideration paid in the sale is a

question of fact." However, a question of fact cannot exist when the complaint is devoid of any relevant factual allegations. See *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."). The plaintiffs' complaint lacks any allegations of a causal link between a defect and the sale price.

2. *Violation of the Texas Deceptive Trade Practices Act*

To be eligible for private relief under Section 17.50 of the Texas Deceptive Trade Practices Act ("DTPA"), a person must be a consumer. *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538-39 (Tex. 1981). Section 17.45(4) of the DTPA defines a consumer as any "individual, partnership, [or] corporation, . . . who seeks or acquires by purchase or lease, any goods or services . . . ." To qualify as a consumer for purposes of bringing a suit for private relief under the DTPA, a person must satisfy two requirements. *Cameron*, 618 S.W.2d at 539. The first requirement "is that the person must have sought or acquired goods or services by purchase or lease." *Id.* (citing *Riverside National Bank*, 603 S.W.2d at 174). The second requirement "is that the goods or services purchased or leased must form the basis of the complaint." *Id.* Failure to satisfy either of these requirements prevents the party from qualifying as a consumer under the DTPA, with the result that they must look to the common law or some other statutory provision for redress. *Id.*

The plaintiffs have failed to set forth a plausible claim that they are consumers under the DTPA. *See* Complaint. Under the DTPA, money is not a good and borrowing money is not acquiring a service. *Riverside National Bank*, 603 S.W.2d at 174 (Tex. 1980) ("[W]e hold that money is not a 'tangible chattel,' or 'goods' as defined by the DTPA."; "Money, as money, is quite obviously neither work nor labor. Seeking to acquire the use of money likewise is not a seeking of work or labor."). Therefore, the first element cannot be met because no good or service was acquired. See *id.* Additionally, the second element is not met because the bases of the complaint are the mitigation negotiations and the servicing of the existing loan, Complaint ¶¶ 17-30, which are not goods or services under DTPA. See *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 768 (N.D. Tex. 2013) (Lindsay, J.) ("[T]he servicing of an existing loan and the request to modify an existing loan do not involve a good or service.").

The plaintiffs incorrectly rely on *Flenniken v. Longview Bank and Trust Company*, 661 S.W.2d 705 (Tex. 1983). In *Flenniken*, the plaintiff's complaint made no reference to the defendant bank's lending activities, but instead focused solely on a house-buying transaction. *Id.* at 708. In this case, however, the complaint only addresses the bank's lending activities, *i.e.*, the loan servicing and mitigation attempts. Complaint ¶¶ 17-30. Since the bank's lending activities are not goods or services

under DTPA, the plaintiffs are not consumers and they cannot sue under DTPA. See *Preston*, 931 F. Supp. 2d at 768. Accordingly the second claim should be dismissed.

### III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss under Rule 12(b)(6) is **GRANTED**. Judgment will be entered dismissing the plaintiffs' claims at their cost.

**SO ORDERED**.

August 9, 2016.

*[signature: A. Joe Fish]*
**A. JOE FISH**
**Senior United States District Judge**